CARMEN VÁZQUEZ DE VINCENTY, Petitioner, *v.* DISTRICT COURT OF MAYAGÜEZ, Respondent.

No. 551. Argued January 17, 1927.—Decided January 20, 1927.

*Ángel A. Vázquez* for the petitioner. *Rafael A. Saliva* for José Agustín Vincenty y Martínez.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

This is a certiorari proceeding and the question to be

decided is the legality of the appointment of a certain receiver by the District Court of Mayagüez.

It appears from the original record in the case that Juan Vincenty Ramos died intestate in Mayagüez on the 4th of November, 1926. At the time of his death Vincenty had been married to Carmen Vázquez-Sánchez since 1898 and she survived him. There was no issue of the marriage and he left no ascendants. Four days after his death José Agustín, known as Augusto or Agudo Vincenty y Martínez, petitioned the court to declare him to be a joint heir with the widow, alleging that he was the acknowledged natural son of the deceased. The petition was opposed by the widow and also by certain collateral relatives. On the 3rd of January, 1927, the court rendered judgment for the petitioner, declaring that the sole and universal heirs of Juan Vincenty Ramos were his acknowledged natural son, José Agustín, and his widow in the usufructuary portion determined by law.

On the day following the entry of that judgment the acknowledged natural son moved the court to appoint a receiver to take possession of the estate and manage the same pending the appeal, in case the adverse claimants should decide to appeal. The court sustained the motion and appointed Carlos Bianchi, who after furnishing security to the amount of ten thousand dollars, was sworn and took charge of the estate on the 7th of January, 1927. An appeal therefrom was taken on that same day by the widow, and on the 10th by the collateral relatives.

Then on the 11th of January, 1927, and on motion of the widow a writ of certiorari was issued and on the 17th the parties were heard orally and by brief.

We have not to consider whether the acknowledged natural son was properly or improperly accepted as such and declared to be an heir by the district court. That question will be considered and settled in the appeal. We must admit as established the existence of a natural acknowledged son

and the widow as sole and universal heirs. The appointment of a receiver will constitute the only question under review.

Did the district court proceed in accordance with the law governing the matter? If so, did it use its discretion properly? Let us see.

The court had under consideration a petition for the declaration of heirship already referred to. After a final judgment a motion for the appointment of a receiver was made and sustained within the same proceeding.

It is true that there is a general law adopted in 1904, sections 182 and following of the Code of Civil Procedure, authorizing the district courts to appoint receivers. But it is true also that there is another law of 1905, entitled an Act Relating to Special Legal Proceedings, which includes all matters relating to testate and intestate actions and which contains clear and extensive provisions on the administration of the estates of decedents.

Chapter III of that Act deals with declaration of heirship, IV with the administration of the estates of decedents without known next of kin, V with judicial administrations in general of a decedent's estate, VI with the inventory of said estate, and VII treats again of the administration thereof. Everything is set forth in detail and tends to secure the preservation and proper administration of the estate. All of the parties may intervene. The surviving spouse, or the person holding the greatest interest, is first mentioned for appointment as administrator. It is only when they do not exist or, if existing, they lack the necessary capacity or are objected to, that a stranger is appointed as administrator.

There is no sufficient justification for laying aside the special and adequate proceeding established by law, and this in itself would be a sufficient ground for annulling the order appointing a receiver, of which the petitioner complains.

But even admitting that the appointment of a receiver was the proper proceeding and that a receiver may be appointed *ex parte* and without requiring any bond from the petitioner, even then we understand that under the circumstances herein, examined in the light of the jurisprudence established in the cases of *Balasquide* v. *Rossy*, 18 P.R.R. 34, and *González* v. *Benítez Flores*, 29 P.R.R. 281, it is the duty of this court to annul the appointment. It will be sufficient to state the facts in a condensed form.

We know the previous particulars regarding the declaration of heirs. It appears from the motion to appoint a receiver filed by the natural son that the estate amounted to $115,275.47, excluding the cattle and consisting of several properties, coffee valued at more than thirteen thousand dollars, cash in banks, etc. All of the properties were in the possession of the widow, who had been decedent's mate for nearly thirty years. And without notifying her, or hearing her, or giving her in any way an opportunity to defend herself, by virtue of a mere verified motion made by the acknowledged natural son, where serious imputations are made against the widow, such as that she was taking the cash and disposing of the estate, the widow is deprived of the possession of all the properties and they are handed over to a receiver appointed by the court and from whom a bond of ten thousand dollars is required.

The three privileged questions raised by José Agustín Vincenty at the hearing in certiorari are not important. One of them was abandoned and the other two (that the writ was not properly applied for and that it was not alleged that all remedies had been exhausted in the court below) have been decided in the cases of *Marín* v. *District Court*, 30 P.R.R. 92, and *González* v. *Benítez Flores, supra*.

The order of the 7th of January appointing a receiver is set aside and the case is remanded for further proceedings not inconsistent with this opinion.